DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Thomas D. Brooks, Jr. ("Brooks") appeals from his conviction in the Lorain County Court of Common Pleas. We affirm.
 I {¶ 2} On September 15, 2005, Angela Zmich and various members of her family were gathered at Linda Brooks' residence. Linda, Angela's mother, and Angela began to argue with each other over school-related issues. In her hand, Angela held onto the knife that she had been using to help prepare dinner. Angela's grandfather, grandmother (Nancy Phife), and two aunts (Karen Rader and Linda Phife) were present for the fight between Angela and Linda. *Page 2 
 {¶ 3} Brooks, Angela's stepfather, entered the house and chided Angela for fighting with her mother. The encounter between Brooks and Angela quickly escalated, and Brooks struck her in the face. At this point, Karen Rader stopped the fight and took Brooks from the room. However, once Karen separated Brooks and Angela, Linda began hitting Angela. Instead of separating Linda and Angela, Karen telephoned the police.
 {¶ 4} On December 6, 2005, a grand jury indicted Brooks on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree. Brooks waived his right to a jury trial and proceeded to a bench trial on November 2, 2006. At the end of the State's presentation, Brooks moved for acquittal. The trial court denied his motion and found Brooks guilty.
 {¶ 5} On February 21, 2007, the trial court sentenced Brooks to three years in prison and three years of post-release control. Brooks has timely appealed, raising two assignments of error for review. For ease of analysis, we have combined Brooks' assignments of error.
 II Assignment of Error Number One "THE CONVICTION FOR DOMESTIC VIOLENCE [R.C] 2929.25(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Assignment of Error Number Two "THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR DOMESTIC VIOLENCE." *Page 3 
 {¶ 6} In his two assignments of error, Brooks argues that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. We disagree.
 {¶ 7} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 8} In State v. Roberts, this Court explained that "sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of *Page 4 
sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. (Emphasis omitted). Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 10} Brooks was convicted of domestic violence in violation of R.C.2919.25(A). That statute provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. *Page 5 2919.25(A). The statute applies to protect a stepchild who resides in the same household as the offender. R.C. 2919.25(F)(1)(a)(iii).
 {¶ 11} Brooks argues that his conviction was against the manifest weight of the evidence because his evidence was more persuasive than the State's. Specifically, Brooks argues that there was no evidence that he caused the injury to Angela's mouth. Upon our review of the record, we find that there was evidence that Brooks was the source of Angela's injury. Karen Rader testified that she was present when Brooks entered the household and that she saw him walk toward Angela and "[proceed] to just hit her in the face." Karen also described Angela's injuries when she testified that, "[Angela's] top and her bottom lip were both busted, bloody." The photograph exhibits corroborated Karen's testimony.
 {¶ 12} "[T]he weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trial court heard Karen Rader's testimony as well as the victim's and her family members'. Based on the record before us, we cannot conclude that the trier of fact clearly lost its way in finding Brooks guilty of domestic violence.
 {¶ 13} Having disposed of Brooks' challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge.Roberts, supra, at *2. Brooks' assignments of error are overruled.
 III *Page 6 {¶ 14} Brooks' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR. *Page 1